NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BCB CONTRACTING SERVICES, LLC, <br><br> Debtor, <br><br> ------------------------------ <br><br> BRIAN K. STANLEY, <br><br> Appellant, <br><br> v. <br><br> ANTHONY H. MASON, Chapter 7 Trustee; PAYAM KHOSHBIN, <br><br> Appellees. | No. 22-60014 <br><br> BAP. No. AZ-21-1254 <br><br> MEMORANDUM[*] |

Appeal from the United States
Bankruptcy Appellate Panel of the Ninth Circuit
Julia W. Brand, Bankruptcy Judge; and
Gary A. Spraker and Robert J. Faris, Chief Bankruptcy Judges, Presiding

Submitted December 7, 2022[**]
Phoenix, Arizona

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and BUMATAY, Circuit Judges, and ZOUHARY,[***] District Judge.

In 2017, BCB Contracting Services, LLC ("Debtor"), represented by Appellant Brian K. Stanley,[1] filed a complaint in state court against Payam Khoshbin, a former member of Debtor. Khoshbin countersued, alleging misconduct including concealment of Debtor's bank accounts and revenues. Thus began Stanley's attempts to game the judicial system.

Stanley encouraged his client to file for bankruptcy to avoid compliance with state court subpoenas concerning the alleged concealment. Appointed trustee Anthony Mason ("Trustee") discovered Stanley's manipulation attempts as well as several discrepancies in the subsequent bankruptcy filing. Accordingly, Trustee filed for sanctions against Stanley, which the bankruptcy court granted in part and the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirmed.

Stanley now petitions for review of the BAP decision affirming sanctions. We have jurisdiction under 28 U.S.C. § 158(d). We review the bankruptcy court's interpretation of the Bankruptcy Code *de novo* and its factual findings for clear error.

---

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

[1] Stanley was suspended from practice of law in Arizona for 60 days on November 2, 2022. We issued an Order to show cause pursuant to Federal Rule of Appellate Procedure 46(b), instructing Stanley to agree to a reciprocal suspension or explain why reciprocal discipline should not be imposed. Because Stanley is proceeding *pro se*, reciprocal suspension is not necessary.

22-60014

*In re DeVille*, 361 F.3d 539, 547 (9th Cir. 2004) (*In re DeVille II*). We review an award of sanctions for abuse of discretion. *Id.*

Stanley raises seven issues that may be consolidated into two: (1) whether the BAP abused its discretion in considering the impropriety of the underlying Chapter 7 bankruptcy filing that led to Stanley's sanctioning; and (2) whether the BAP improperly relied on its inherent authority, rather than Bankruptcy Rule 9011 authority, when sanctioning Stanley for the inaccuracies in his client's bankruptcy filings. We affirm the BAP's finding that the bankruptcy court did not abuse its discretion in finding Stanley acted in bad faith, or in relying on its inherent authority when imposing sanctions.

1. Stanley argues that because the bankruptcy petition is otherwise facially valid, his underlying motives are irrelevant and thus he should not have been sanctioned for bad faith conduct. The inherent power to sanction bad faith conduct is broad and "extends to a full range of litigation abuses." *In re DeVille*, 280 B.R. 483, 495 (9th Cir. BAP 2002) (*In re DeVille I*), *aff'd*, 361 F.3d 539 (9th Cir. 2004). The Supreme Court has found "bad faith" conduct to include a wide range of willful improper conduct, such as delaying or disrupting litigation, willful abuse of the judicial processes, and hampering with enforcement of a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–67 (1980). A bad faith finding "does not require that the legal

and factual basis for the action prove totally frivolous." *Fink v. Gomez*, 239 F.3d 989, 992 (citations omitted).

The record is replete with Stanley's attempts to hamper enforcement of court orders and his willful abuse of judicial processes. The bankruptcy court and BAP found Stanley's motive for initiating the bankruptcy proceeding was, at least in part, to avoid the subpoenas in the underlying state case—the very case he initiated.

Stanley filed Motions to Quash, which the state court denied. He was aware the bankruptcy filing would trigger an automatic stay—both pausing the subpoenas and delaying collection of judgments against Debtor. As reflected in his emails to his client, this was his very goal: "We should file the bankruptcy by the end of the week to avoid the need to comply with the subpoenas . . . . As soon as we file the bankruptcy petition, all such activities on [counterclaimant's] part will be in violation of the automatic stay."

Stanley asserts that a finding of "bad faith" pursuant to the court's inherent sanction authority requires a finding of fraud. He cites no authority to support this argument and, as established above, improper conduct need not be entirely without merit to warrant a finding of bad faith.

2.    Stanley's final arguments concern his duty to confirm the accuracy of his client's bankruptcy filings. He contends the court was required to analyze the claim for misstatements in the bankruptcy filing under its Rule 9011 sanctioning

power. The Supreme Court has found that when the Rules of Civil Procedure do not sufficiently cover the sanctionable conduct, "the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50. The Ninth Circuit customarily looks to precedents interpreting Federal Civil Rule 11 as a helpful guide to interpreting its bankruptcy twin, Rule 9011. *In re DeVille II*, 361 F.3d at 550–51. As such, if Rule 9011 does not sufficiently cover the sanctionable conduct, the bankruptcy court may instead rely on its inherent power. *Id.*

In sanctioning Stanley, the court considered his sweeping bad faith conduct throughout the proceedings, not simply the inaccurate filings that would otherwise require a Rule 9011 analysis. Further, the sanctions imposed were proportionate to the bad faith litigation tactics. The court sanctioned Stanley $15,523.31, the amount of attorney fees that remained unpaid by the Estate due to lack of funds. Trustee requested an additional $50,000 in sanctions as deterrence, but the court declined that request. The fee awarded was proper—a direct result of Stanley's attempts to delay the state court proceedings and gain a tactical advantage.

**AFFIRMED.**